UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § § | |
| DEBTOR | § § | |
| MMA LAW FIRM, PLLC<br>Plaintiff<br>v. | § § § § | ADVERSARY NO. 24-03134 |
| THE VOORHIES LAW FIRM | § § | |
| Defendant | § | |

## AMENDED COMPLAINT

MMA Law Firm, PLLC Plaintiff and/or Debtor, files this Amended Complaint against The Voorhies Firm, pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding brought by the Debtor for violation of the automatic stay under section 362 of title 11 of the United States Code, a declaratory judgment regarding the determination of property of the bankruptcy estate, and turnover of estate property.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Southern District of Texas (the

"**Bankruptcy Court**"), pursuant to 28 U.S.C. § 1409.

5. MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned proposed counsel.

6. The Voorhies Law Firm (**"Voorhies"**) can be served with this Amended Complaint and summons through its registered agent Richard Voorhies III at 6134 Argonne Blvd, New Orleans, LA 70124.

7. MMA Law Firm, PLLC (the, **"Debtor"**) hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND FACTS

**RELEVANT BACKGROUND**

1. MMA Law Firm, PLLC ("**Debtor**") is a litigation firm based in Texas.

2. The Debtor represented thousands of storm victims with property damage claims against their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida (**"MMA Clients"**).

3. The Debtor entered into contingency fee contracts with the MMA Clients, entitling it to contingency fees and reimbursement of expenses (**"Contingency Fee Contracts"**).

4. The Debtor prosecuted claims and filed thousands of lawsuits on behalf of the MMA Clients (**"MMA Cases"**).

5. On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (**"Suspension Order"**).

6. Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify the MMA Clients of the suspension and that they had the option of either retaining new counsel or

remaining with the Debtor.

7.      After the entry of the Suspension Order, The Voorhies Law Firm (**"Voorhies"**) assumed representation of 67 MMA Cases on a contingency fee basis (**"Voorhies/Debtor Cases"**).[1]

8.      Upon assuming these cases, Voorhies took the position that the Debtor is not entitled to any attorney's fees or reimbursement of expenses from the Voorhies/Debtor Cases and began filings motions in numerous cases to exclude the Debtor from such fees and costs (**"Motions to Exclude"**).

### CHAPTER 11 BANKRUPTCY FILED AND NOTICE PROVIDED

9.      On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition.[2]

10.     In its bankruptcy schedules, the Debtor disclosed claims against Voorhies for possession of attorney's fees and expenses related to the Voorhies/Debtor Cases, that belong to the Debtor".[3]

11.     Specifically, the Debtor asserts that it is entitled to attorney's fees and expenses for significant legal work performed in the Voorhies/Debtor Cases.

12.     On April 23, 2024, the Debtor sent an email to Voorhies notifying them of the Debtor's bankruptcy filing and advising that the bankruptcy operates as an automatic stay, prohibiting the commencement or continuation of judicial actions against the Debtor (**"BK Notice Email"**).[4]  The BK Notice Email also directed Voorhies to direct all communications regarding the bankruptcy to Debtor's counsel, Walker & Patterson, PC.

13.     On April 12, 2024, the Bankruptcy Noticing Center sent formal notice of the Debtor's bankruptcy filing to Voorhies via U.S. mail.[5]

---

[1] Exhibit 1: Spreadsheet of Voorhies/Debtor Cases
[2] Exhibit 2: Petition Page
[3] Exhibit 3: Schedules (Page 141)
[4] Exhibit 4: Notice Email
[5] Exhibit 5: Notice from Bankruptcy Notice Center

**EMAIL COMMUNICATIONS WITH VOORHIES AND DEBTOR'S COUNSEL**

14. On May 22, 2024, approximately one month after receiving the BK Notice Email, Voorhies sent an email to Debtor's counsel, informing them of a *Motion to Preclude an Award of Attorney's Fees and Expenses to the Debtor* filed in one of the Voorhies/Debtor Cases (**"Voorhies Email"**).[6]

15. In response, Debtor's counsel advised that Voorhies would need to seek relief from he automatic stay before proceeding. On May 31, 2024, Voorhies replied without addressing the bankruptcy or the need to modify the stay and instead attached a notice of the hearing for their motion.

**INTENTIONAL VIOLATIONS OF THE AUTOMATIC STAY**

16. Despite receiving notice of the Debtor's bankruptcy, Voorhies continued to file Motions to Exclude attorney's fees and expenses post-petition in the Voorhies/Debtor Cases.

17. The Debtor is aware of at least three instances where Voorhies filed such motions after the Chapter 11 filing and is investigating further potential violations.

First Clients: Marie Azor Andre and Raynaud Jean Andre

18. On or about August 9, 2022, Marie Azor Andre and Raynaud Jean Andre (**"The Andres"**) engaged the Debtor to assist them in claims against their insurance carrier, North Light Specialty Insurance Company (**"North Light"**), on a contingent fee basis with reimbursement of expenses.

19. After executing the contingency fee agreement, the Debtor performed significant work in for The Andres, including sending a Letter of Representations (**"LOR"**) to North Light, hiring an estimator to assess damage, sending a demand to Northlight, and invoking the appraisal process (**"Andre Case"**).

20. The Debtor incurred $4,650.00 in expenses for the estimator's work in the Andre Case.

21. Despite knowledge of the Debtor's bankruptcy, Voorhies filed a *Motion to Preclude Award*

---

[6] Exhibit 6: Email between WP and Voorhies

*of Attorney's Fees, Expenses and/or Costs to McClenny Moseley & Associates* ("**Andre Motion"**) on May 20, 2024.[7] In the Andre Motion, Voorhies specifically requested an order precluding the Debtor from asserting a claim for legal fees, costs and expenses in the case.

22. The Andre Motion included a proposed order requesting that the Louisiana state court find the Debtor is not entitled to any attorney's fees or costs related to its representation of the Andres.[8]

23. The state court set a hearing on the Andre Motion for July 11, 2024.

24. Voorhies did not seek relief from the automatic stay before filing the Andre Motion, despite being informed by Debtor's counsel.[9]

Second Client: Colt Colleti

25. On or about July 23, 2022, Mr. Colt Colletti engaged the Debtor to represent him in his claims against Louisiana Insurance Guaranty Association (**"LIGA"**) on a contingency fee basis with reimbursement of expenses ("**Colletti Case")**.

26. After executing the contingency fee agreement, employment contract, the Debtor performed significant work in the Colletti Case, including sending a Letter of Representation to LIGA, hiring an estimator to assess damage, sending a demand to LIGA, invoking the appraisal process, and coordinating a reinspection of the property.

27. The Debtor incurred $5,511.77 in expenses for the estimator's work in the Colleti Case and these expenses are owed to Estimator Disaster Solutions.

28. On May 22, 2024, Voorhies filed a *Motion to Preclude Award of Attorney's Fees, Expenses and/or Costs to McClenny Moseley & Associates* **("Colletti Motion")**.[10]

---

[7] Exhibit 7: Andre Motion to Preclude
[8] Exhibit 8: Andre Motion to Preclude Proposed Order
[9] Exhibit 9: Docket
[10] Exhibit 10: Colletti Motion to Preclude

29. The Colletti Motion included a proposed order that requesting the State Court of Louisiana to prohibit the Debtor for receiving any attorney's fees, expenses and/or costs related to its representation of Mr. Colletti.[11]

30. As discussed above in the Voorhies Email, Debtor's counsel informed Voorhies in writing that the automatic stay needs to be modified to proceed with the Colletti Motion, and in response Voorhies attached the notice of hearing in the Colleti Motion which was scheduled for July 16, 2024, without seeking relief from the automatic stay.[12]

Third Client: Sinegar Case

31. On or about April 27, 2022, Mr. Norman Sinegar executed an attorney employment contract on a contingency fee basis with reimbursement of expenses with the Debtor to assist Mr. Sinegar in claims against his insurance carrier Allstate Indemnity Company (**"Allstate"**).

32. After executing the employment contract, the Debtor performed significant work in the Sinegar Case, including sending a Letter of Representation to Allstate, hiring an estimator to assess the damage, sending a demand to Allstate, and invoking the appraisal process (**"Sinegar Case"**).

33. The Debtor incurred $2,475.00 in expenses to PCG (the estimator) in the Sinegar Case.

34. On April 8, 2024, one day before the bankruptcy filing, Voorhies filed a *Motion to Preclude Award of Attorney's Fees, Expenses and/or Costs to McClenny Moseley & Associates* ("**Sinegar Motion**") seeking to exclude the Debtor from all fees and expenses in the Sinegar Case.[13]

35. Although the Sinegar Motion was filed pre-petition, Voorhies continued to prosecute it after

---

[11] Exhibit 11: Colletti Proposed Order
[12] Exhibit 12: Attachment of Notice of Hearing Date
[13] Exhibit 13: Sinegar Motion

receiving multiple notices from the Debtor regarding the filing of the Chapter 11 case. Specifically, on June 18, 2024, Voorhies filed a memorandum in support of the Sinegar Motion, once again seeking to preclude the Debtor from receiving any fees or expenses.[14]

36. Despite being notified by Debtor's counsel, Voorhies did not seek relief from the automatic stay before continuing with the Sinegar Motion.

37. To date, the Debtor has not received any funds from Voorhies related to the Voorhies/Debtor Cases, including the contingent fees and expenses for the Sinegar, Colletti, and Andre Cases.

**ADVERSARY FILED**

38. On July 2, 2024, the Debtor initiated an Adversary Proceeding against Voorhies.

39. In the Adversary, the Debtor sued Voorhies for the intentional violation of the automatic stay.

40. On July 2, 2024, the Debtor filed a Motion for Temporary Restraining Order. On July 8, 2024, the Debtor and Voorhies entered into an Agreed Temporary Restraining Order ("**TRO**").

41. On August 1, 2024, the Debtor and Voorhies entered into a second agreed extension of the TRO.

42. On September 5, 2024, the Debtor and Voorhies entered into an Agreed Preliminary Injunction (**"Agreed Injunction"**)[15].

43. Pursuant to the Agreed Injunction, Voorhies is permitted to continue prosecuting and/or settling the Voorhies/Debtor Cases. However, 45% of all attorney's fees must be held in a trust account until there is a final determination, either by settlement or by a court of competent jurisdiction. As of this date, Voorhies has not filed an Answer in the Adversary[16].

---

[14] Exhibit 14: Sinegar Memo
[15] Exhibit 15: Agreed Injunction
[16] Exhibit 16: Docket in Adversary

## CAUSE OF ACTION #1

44. Plaintiff incorporates paragraphs 1 – 4, 6-8, and 9-37 into Cause of Action No. 1.

45. The Debtor asserts that Voorhies violated §§ 362(a)(1) and (a)(3) of the Bankruptcy Code by filing the Motions to Exclude in the Andre, Colletti, and Sinegar cases.

46. The Andre, Colletti, and Sinegar cases are collectively referred to as the "**Three Debtor Cases."**

47. The Andre Motion, the Colleti Motion, and the Sinegar Motion are collectively referred to as the "**Post-petition Motions"**.

**Property of the estate**

48. As outlined in paragraphs 18-20, 25-27, and 31-33 of this Amended Complaint and incorporated herein, the Debtor entered into contingent fee agreements with clients in the Three Debtor Cases. Pre-petition, the Debtor initiated claims on behalf of these clients against their respective insurance companies. Under these contingent fee agreements, the Debtor is entitled to contingent attorney's fees and reimbursement of expenses in the Three Debtor Cases (the "Fees and Costs from the Three Debtor Cases").

49. The Fees and Costs from the Three Debtor Cases were earned and incurred by the Debtor prior to its Chapter 11 filing on April 9, 2024, and are property of the bankruptcy estate. Although Voorhies finalized settlements in the Three Debtor Cases, the Fees and Costs from these cases have not been paid to the Debtor.

50. Section 541(a) of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case (11 U.S.C. § 541(a)(1)). Therefore, the Debtor's interest in the Fees and Costs from the Three Debtor Cases constitutes property of the estate, as these claims existed prior to the filing of the Debtor's bankruptcy case.

51. As this Court previously ruled, "MMA need not prove that the Settlement Proceeds are property of the estate at this time to demonstrate a willful violation of the automatic stay. In *Chestnut*, the Fifth Circuit held that property that is 'arguably property' of the estate may be protected by the automatic stay, even if it is ultimately determined not to be property of the estate."[17]

**Stay Violation**

52. A willful violation of the automatic stay contains three elements: "(1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *Garza v. CMM Enters., LLC (In re Garza),* 605 B.R. 817, 828 (Bankr. S.D. Tex. 2019)

53. .Section 362(a) of the Bankruptcy Code provides, in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).

54. Here, Voorhies knew of the existence of the automatic stay, having received multiple notices from the Debtor and communicated directly with Debtor's counsel regarding the stay.

55. Post-petition, after receiving notice of the Debtor's Chapter 11 filing, Voorhies filed the Post-Petition Motions in each of the Three Debtor Cases, seeking to exclude the Debtor as a payee in the settlement proceeds. These filings were intentional and violated the automatic stay.

56. Numerous courts, including the Fifth Circuit, have imposed joint and several liability against parties and their counsel for their willful stay violations. *Young v. Repine (In re Repine),* 536 F.3d 512 (5th Cir. 2008).

---

[17] Exhibit 17: Court's Opinion in Morris Bart Adversary

57. Voorhies' conduct was both intentional and willful, as evidenced by their pursuit of the Post-Petition Motions for their benefit, rather than merely advising their clients.

58. Voorhies was financially motivated to secure all Fees and Costs in the Three Debtor Cases to the exclusion of the Debtor.

59. Section 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. §362(a)(3). To sustain an action for violation of this section, the Debtor must show:1) a property interest in invoked; 2) the property interest is property of the estate; and 3) there occurred an act to obtain possession of the estate property or there existed an act to exercise control over estate property. 11 U.S.C. §362(a)(3).

60. In this case: 1) The Debtor holds an interest in the Fees and Costs in the Three Debtor Cases pursuant to the contingent fee agreements and the work performed in these cases, which remain unpaid; 2) The Fees and Costs in the Three Debtor Cases are property of the bankruptcy estate; and 3) Voorhies's filing of the Post-Petition Motions represents a clear act to obtain and control estate property, as they sought to exclude the Debtor as a payee from the settlement funds on multiple occasions.

61. Section 362(a)(1) of the Bankruptcy Code provides that a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of … the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the filing of the bankruptcy case, or to recover a claim against the debtor that arose before the commence of the bankruptcy filing. 11 U.S.C. § 362(a)(1).

62. Voorhies' Post-Petition Motions constitute judicial proceedings initiated post-petition that could have been commenced prior to the Debtor's Chapter 11 filing.

63. Voorhies had actual notice of the Debtor's Chapter 11 filing on multiple occasions before filing the Post-Petition Motions and it was specifically informed by Debtor's counsel to seek relief from the automatic stay.

64. Voorhies failed to seek relief from the automatic stay prior to filing the Post-Petition Motions. As seasoned attorneys, they should be held to a higher standard regarding compliance with the automatic stay.

65. Voorhies' acts were willful and intentional, transparently attempting to bypass the Bankruptcy Court and its exclusive jurisdiction over property of the estate

**Damages and Sanctions**

66. Pursuant to Section 362(k), the Debtor is entitled to recover actual damages, including costs and attorney's fees, from Voorhies for its intentional and willful violations of Section 362 of the Bankruptcy Code. The Debtor incurred attorney's fees and costs in filing this adversary proceeding, including the payment of a filing fee.

67. Although Section 362(k) provides for individual recovery, courts in this district have employed their civil contempt powers under section 105(a) to address automatic stay violations, including damages, fees and punitive damages, when the plaintiff is not an individual. *Sanchez v. Ameriquest Mort. Co. ( In re Sanchez),* 375 B.R. 289, 309 (Bankr. S.D. Tex. 2007).

68. Under Section 105(a), a bankruptcy court may issue any order that is necessary or appropriate to carry out the provisions of this title.

69. Here, Voorhies intentional violation of the automatic stay warrants the Court's intervention to determine the violation and utilize its equitable powers under Section 105(a) to enforce Section 362.

70. The Court also possesses the authority under Section 105(a) to impose sanctions for civil

contempt or as part of its equitable powers. As noted by the Fifth Circuit, "Judicial sanctions in civil contempt proceedings may, in proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Sanchez v. Ameriquest Mort. Co. ( In re Sanchez),* 375 B.R. 289, 309 (Bankr. S.D. Tex. 2007) (citing *American Airlines Inc. v. Allied Pilots Ass'n,* 228 F. 3d 574, 585 (5th Cir. 2000).

71. "The automatic stay is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court." *Sanchez v. Ameriquest Mort. Co. ( In re Sanchez),* 375 B.R. 289, 309 (Bankr. S.D. Tex. 2007)

72. Accordingly, the Debtor seeks actual damages and sanctions against Voorhies for its intentional violations of the automatic stay.

## CAUSE OF ACTION #2 – DECLARATORY JUDGMENT

73. The Debtor incorporates Paragraphs 1 – 11, 19-22, 25-29, 31-34, 37, and 42-43 into Cause of Action #2.

74. The Debtor seeks a declaratory judgment pursuant to 11 U.S.C. § 541, affirming the Debtor's interest in the attorney's fees and costs in all of the Voorhies/Debtor Cases (as identified in Exhibit 1) is property of the bankruptcy estate.

75. To date, the Debtor is aware of 67 Voorhies/Debtor Cases that the Debtor has an interest in. These cases were attached to the Agreed Injunction executed by Voorhies and are identified in Exhibit 1.

76. When considering a declaratory judgment action, the Court must engage in a three-step inquiry: (1) whether an "actual controversy" exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide

or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

77. An actual controversy exists between the Debtor and Voorhies regarding the Debtor's entitlement to the Fees and Costs from the Voorhies/Debtor Cases. The Debtor claims it is entitled to its fair share of the contingency fees and reimbursement of expenses, as it performed work and incurred costs under contingency fee agreements. However, Voorhies disputes the Debtor's entitlement, as evidenced by several factors: first, the Motions to Exclude, which assert that the Debtor is not entitled to any fees or expenses; second, the Agreed Injunction, which acknowledges the dispute and requires Voorhies to hold 45% of any fees received in trust, pending a final determination of the Debtor's entitlement by settlement or court order; and third, despite demand, Voorhies has not turned over any of the Fees and Costs to the Debtor.

55. The Debtor has not relinquished its right to claim an interest in any portion of the settlement proceeds from the Voorhies/Debtor Cases.

56. Under Louisiana, when two attorneys provide legal services to the same client on a contingency-fee basis and one attorney is discharged before resolution, the client is obligated to pay only one contingency fee, which the court allocates between the attorneys. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 at 108 (La. 1979).

57. The amount of the fee is determined by the highest ethical contingency percentage agreed upon in any of the contingency fee contracts executed by the client. *O'Rourke v. Cairns,* 683 So. 2d 697, 702 (La. 1996).

58. Fee apportionment considers factors such as: 1) the time and labor required; 2) novelty and difficulty of questions involved; 3) skill required to perform legal services; 4) amount involved

and the results obtained; and 5) nature and length of the professional relationship with the client. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1979).

59. This ensures a reasonable division of fees based on each attorney's contributions. If the first attorney was not discharged for cause, this analysis concludes the determination. However, if discharged for cause, the court must assess the nature and gravity of the discharge to determine if the discharged attorney is entitled to any fees. *O'Rourke v. Cairns,* 683 So. 2d 697, 702 (La. 1996).

60. Here, the Debtor was not discharged for cause, but even if the Court were to determine that it was, the Debtor is still entitled to a determination of fees and costs under the reasonableness factors discussed above. Therefore, there is a live controversy between the Debtor and Voorhies regarding who is entitled to the Fees and Costs arising from each of the Voorhies/Debtor Cases as outlined in the attached spreadsheet at Exhibit 1.

61. The Bankruptcy Court has authority to grant relief and the Debtor respectfully requests that the Bankruptcy Court exercise its broad discretion to decide this declaratory judgment action. A bankruptcy court's jurisdiction is governed by 28 U.S.C. § 1334. District courts, and therefore bankruptcy courts, have exclusive jurisdiction over "all cases under title 11," including jurisdiction over "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e); *In re TMT Procurement Corp.,* 764 F.3d 512, 523 (5th Cir. 2014).

**CAUSE OF ACTION #3: TURNOVER OF PROPERTY OF THE ESTATE**

62. The Debtor incorporates Paragraphs 1 – 11, 19-22, 25-29, 31-34, 37, and 42-43 into Cause of Action No. 3.

63. Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interest of the debtor in property as of the commencement of the case". 11 U.S.C. §541.

64. Section 542(a) mandates that an entity possessing property of the estate must deliver and account for such property, or its equivalent value, to the bankruptcy estate. 11 U.S.C. § 542.

65. The Debtor is aware of 67 MMA Cases that Voorhies acquired an interest in following the Suspension Order (the **"Voorhies/Debtor Cases"**). The Debtor performed significant work and incurred costs and expenses in these cases.

66. The Debtor asserts that, under the contingency fee agreements executed in connection with the Voorhies/Debtor Cases, it is entitled to its fair share of the contingency fees and reimbursement of expenses that Voorhies has received (**Fees and Costs"**).

67. To date, the Debtor has not received Fees and Costs from the Voorhies/Debtor Cases. The Debtor has an interest in the Fees and Costs from the Voorhies/Debtor Cases, which have not been turned over to the Debtor and this constitutes property of the estate.

68. The Debtor has not waived its rights to the Fees and Costs in the Voorhies/Debtor Cases.

70. Voorhies has received and/or holds attorney's fees and costs from the settlement of the Voorhies/Debtor Cases, both pre- and post-petition.

71. The Debtor respectfully requests that the Court issue an order compelling Voorhies to provide a comprehensive accounting of all funds received in connection with the Voorhies/Debtor

Cases to date. Additionally, the Debtor requests an order directing the turnover of the Fees and Costs from the Voorhies/Debtor Cases.

Dated: November 7, 2024

                                        Respectfully submitted,
                                        By: */s/Miriam T. Goott*
                                          Miriam T. Goott
                                          SBN #24048846
                                          COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301 Houston, TX 77208-1301     (713)956-5577
Phone (713)956-5570 Fax
mgoott@walkerandpatterson.com

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that I served a copy of the Amended Complaint on Voorhies Law through its counsel of record on November 7, 2024.

                                        By: */s/Miriam T. Goott*
                                          Miriam T. Goott